# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD R. BENNETT, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−1775−JPG |
| ) | |
| CHUCK MCELVAIN ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Chad R. Bennett, II, an inmate who is currently incarcerated in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that occurred while he was in the custody of the Perry County Sheriff's Department. In the Complaint, Plaintiff alleges that he was injured as a result of an excessive force incident. He asserts claims against the defendant under the Fourteenth Amendment. Plaintiff seeks compensatory damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that he was arrested on September 30, 2016 and placed in handcuffs and leg shackles by Chuck McElvain, the bailiff for Perry County. (Doc. 1, pp. 1, 6). McElvain then pushed Plaintiff down the stairs of the Perry County Courthouse, causing injuries. (Doc. 1, p. 6).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** McElvain used excessive force against Plaintiff in violation of the Eighth and/or Fourteenth Amendment when he pushed him down the stairs.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Plaintiff has not specifically alleged what his status was at the time of the relevant events, but it is a plausible inference based on the reference to his arrest that he was a pre-trial detainee. Regardless, the Court finds that Plaintiff has stated a claim for excessive force under both the Fourteenth Amendment, *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988), and the higher standard of the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Accordingly, this case will proceed.

## Pending Motions

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Contemporaneously with the Complaint, Plaintiff filed a Motion for Extension of Time to file documents in support of the Complaint. (Doc. 2). It is unnecessary to support the Complaint with exhibits, although Plaintiff may need to produce such evidence as he has to the defendants in discovery or submit it in support of motions or any responses to motions he wishes to file. Because there is no requirement to submit exhibits in support of the Complaint, Plaintiff's motion is **MOOT**. (Doc. 2).

## Disposition

**IT IS HEREBY ORDERED** that Count 1 survives threshold review against Defendant McElvain. Plaintiff's motion for an extension of time is **MOOT**. (Doc. 2).

As to **COUNT 1,** Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendant **McElvain.** However, if Plaintiff desires to request the appointment of the United States Marshals to serve process on Defendant, **IT IS ORDERED** that Plaintiff **SHALL FILE** a Motion for Service of Process at Government Expense, within 28 days of the date of entry of this order (on or before January 2, 2019). The Clerk of Court is **DIRECTED** to send Plaintiff a blank form Motion for Service of Process at Government Expense.

If Plaintiff does not timely file a motion for service of process at government expense, it shall be Plaintiff's responsibility to have Defendant McElvain served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4.[2] Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P. 4(c)(2).

---

[2] Federal Rule of Civil Procedure 4(m) provides that service on each defendant must be accomplished within 90 days.

If Plaintiff requests the appointment of the United States Marshals, the Clerk of Court shall prepare a summons and copies of the Complaint and this Memorandum and Order for Defendant and shall forward the same to the United States Marshals for service. If Plaintiff does not file a motion for service of process at government expense within 28 days as ordered, the Clerk shall then prepare a summons for Defendant, and shall forward the summonses and sufficient copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have Defendant served.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/4/2018**

s/J. Phil Gilbert
**U.S. District Judge**

**Notice**

After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.