IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD R. BENNETT, II, #Y30838, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01775-JPG |
| | ) |
| CHUCK McELVAIN, | ) |
| | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**GILBERT, District Judge:**

The Court held a bench trial via videoconference on Count 1 of this case in Benton, Illinois, on September 28, 2020. Plaintiff Chad R. Bennett, II, appeared *pro se*. Defendant Chuck McElvain was represented by Terence J. Corrigan. In his case in chief, Bennett called himself and Robin Keller as witnesses. Defendant Chuck McElvain called himself, Brandee Horn, and Christine Asbury as witnesses.

**I.     Background**

Bennett filed this civil rights action pursuant to 42 U.S.C. § 1983 for an excessive force incident that occurred at Perry County Courthouse on September 30, 2016. Bennett alleges that he was arrested and placed in handcuffs and shackles at the courthouse on that date. Chuck McElvain, a Perry County bailiff, escorted Bennett from Perry County Courthouse to Perry County Jail. While descending the stairs, Bennett claims that McElvain "purposefully and forcefully bumped/pushed" him down the stairs. He was taken to a local hospital for treatment of his injuries.

The following claim was tried:

**Count 1:** Excessive force claim against McElvain for pushing Plaintiff down the stairs of Perry County Courthouse on or around September 30, 2016.

McElvain denies intentionally pushing or bumping Bennett and claims that Bennett tripped.

1

At the conclusion of Bennett's case in chief, the Court denied McElvain's motion for judgment as a matter of law on Count 1 pursuant to Federal Rule of Civil Procedure 50(a).

Pursuant to Federal Rule of Civil Procedure 52(a), the Court makes the following relevant findings of fact and conclusions of law.

## II.     Findings of Fact

The Court finds the following facts by a preponderance of the evidence:

1. On September 30, 2016, Bennett was arrested while attending an unrelated hearing at Perry County Courthouse.

2. Following his arraignment, Bennett was handcuffed and placed in restraints in preparation for his transfer to Perry County Jail.

3. Chuck McElvain, a Perry County Sheriff's Office employee and bailiff, escorted Bennett from the Perry County Courthouse.

4. Video footage of the incident reveals the following: As the two individuals descended the courthouse stairs, McElvain held onto the back of Bennett's waist chain. The two descended the stairs side-by-side. Approximately five steps from the bottom of the staircase, Bennett lost his footing and fell to the floor below. McElvain initially used his right hand to hold the banister and his left hand to hold Bennett's waist chain. However, McElvain lost his grip on Bennett's chain and also fell down the stairs. Bennett landed face down on the floor below the stairs. His mother, Robin Keller, soon came to his side.

5. In the moments that followed, McElvain stood up and instructed Plaintiff to remain still while he arranged for medical attention.

6. Bennett was transported by ambulance to Pinckneyville Community Hospital, where he reported falling down the courthouse stairs while in handcuffs and injuring his face, left

wrist, and left hand.  He informed hospital staff that the escorting officer (McElvain) tried to break his fall by pulling on his waist chain from behind but was unable to hold back his entire weight.

7. These findings of fact are supported by the credible testimony of Bennett, McElvain, Keller, Horn, and Asbury, as well as the video footage of the events leading up to and including Bennett's fall down the Perry County Courthouse stairs on September 30, 2016.

## III. Conclusions of Law

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) for the excessive force claim in this case brought under 42 U.S.C. § 1983.  In order to demonstrate that he was subjected to excessive force under the Fourth or Fourteenth Amendment,[1] a plaintiff must prove the following elements by a preponderance of the evidence: (1) Defendant McElvain purposefully and knowingly used unreasonable force against Plaintiff; and (2) Defendant McElvain acted under color of state law.  *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).  Bennett has not presented sufficient evidence to establish the first element of this claim.

The United States Supreme Court has explained that in cases such as this, there are really two separate state-of-mind questions.  *Kingsley*, 576 U.S. at 395.  The first question concerns the defendant's state of mind as it pertains to bringing about "certain physical consequences in the world."  *Id*. at 395.  As to this series of physical events, a defendant must possess "a purposeful, a knowing, or possibly a reckless state of mind" because liability for negligently-inflicted harm is "categorically beneath the threshold of constitutional due process."  *Id*. (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).  The second question concerns the officer's state of mind with respect to "whether his use of force was 'excessive.'"  *Id*.  As it pertains to this

---

[1] The Fourth Amendment governs excessive force claims brought by arrestees, and the Fourteenth Amendment Due Process Clause governs claims of excessive force brought by pretrial detainees.  However, the same elements are necessary to establish a claim under both the Fourth and Fourteenth Amendments.

inquiry, an arrestee and/or pretrial detainee must show that the use of force was objectively unreasonable.  *Id*. at 396-97.  Objective reasonableness "turns on 'the facts and circumstances of each particular case.'"  *Id*. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The video footage of the incident speaks for itself.  At the time Bennett fell, McElvain was escorting him down the stairs.  The two were essentially side-by-side.  McElvain held Bennett's wrist/waist chain.  Approximately five steps from the bottom of the stairs, Bennett lost his footing and fell forward.  McElvain extended his left arm and hand as Bennett fell, in an attempt to prevent the fall.  McElvain was unsuccessful in doing so and soon lost his grip.  Both men fell down the stairs.  The fall was precipitated by no use of force at all, but rather Bennett's own slip, trip, and fall.  This case arises from an unfortunate accident.  Bennett has failed to carry his burden of proof under the law.  The Court will enter judgment in favor of Defendant McElvain and against Plaintiff Bennett on Count 1.

**IV.    Conclusion**

Bennett has not carried his burden of proving by a preponderance of the evidence that he is entitled to judgment on Count 1.  Accordingly, the Court **DIRECTS** the Clerk of Court to enter judgment in favor of the defendant, Chuck McElvain, and against the plaintiff, Chad R. Bennett, II, on Count 1.

**IT IS SO ORDERED.**

**DATED: 10/8/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**